UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KINDRED REHAB SERVICES, INC.,

      Plaintiff,

vs.                                                     Case No.  3:06-cv-218-J-33MCR

FLORIDA CONVALESCENT CENTERS, INC.,
et al.,

      Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 31) filed

May 16, 2007.  Defendants filed a response in opposition to the Motion (Doc. 32) on

June 1, 2007.  Accordingly, the matter is now ripe for judicial review.

In its Motion, Plaintiff seeks an Order from this Court requiring Defendants to

amend and provide additional discovery responses to several of Plaintiff's requests for

production.   As an initial matter, Plaintiff states it made a good faith effort to comply

with Local Rule 3.01(g) when Plaintiff's counsel sent a letter on February 8, 2007 to

Defendants' counsel.  (Doc. 31-2, p. 2).  The letter alerted Defendants to the alleged

inadequacies of Defendant's responses to some of Plaintiff's discovery requests.  (Doc.

31-3).  Defendants responded, also by letter, on March 2, 2007 and thereafter made

additional documents available to Plaintiff.  (Doc. 31-2, p. 2).  Notably, Plaintiff fails to

provide this Court with evidence that it initiated any additional conferences, including in

person or telephone conferences, with Defendants in an effort to resolve this issue.  In

fact, Defendants confirm that after receipt of Defendants' March 2, 2007 letter, Plaintiff

made no further assertions that Defendants' discovery responses were inadequate.

(Doc. 32, p. 2).  Nevertheless, Plaintiff filed this Motion to Compel.

Such Court filings could be avoided if counsel for all parties would speak with

each other.  Middle District Local Rule 3.01(g) requires a moving party to confer with

opposing counsel prior to filing a motion to compel "in a good faith effort to resolve the

issue."  If the parties are unable to resolve their differences, Rule 3.01(g) requires the

moving party to file a statement with his motion that certifies he has conferred with

opposing counsel and the parties could come to no resolution.

The importance of the Local Rules cannot be overstated.  All counsel are

expected to be familiar with and comply with all applicable rules of this Court.  The

purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve

certain types of disputes without court intervention."  Desai v. Tire Kingdom, Inc., 944 F.

Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to

mean, "to speak to each other in person or by telephone, in a good faith attempt to

resolve disputed issues."  Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000).

Moreover, the Middle District Discovery Handbook provides:

> Local Rule 3.01(g), requiring certification of a good faith
> conference before any discovery motion is filed, is strictly
> enforced.  Many potential discovery disputes are resolved
> (or the differences narrowed or clarified) when counsel
> confer in good faith.

Middle District Discovery (2001) at 20.

Here, Plaintiff failed to make a good faith effort to speak with Defendants in person or over the phone in an effort to resolve this dispute.  Had Plaintiff made a good faith effort to communicate with Defendants by either conferencing over the phone or in person, the parties likely would have either resolved or narrowed the issues in this dispute.  Moreover, Plaintiff's last communication with Defendants occurred two in a half months prior to the filing of this Motion.  The Court finds Plaintiff's attempt at communicating in good faith to resolve this dispute was insufficient.  Consequently, Plaintiff failed to comply with Local Rule 3.01(g) and thus, the Court finds this Motion is due to be denied.  The parties are cautioned to comply with all rules of this Court in future filings.

Despite the lack of a proper 3.01(g) conference, the Court has considered Plaintiff's requests for production, Defendants' responses to such requests, as well as the parties' arguments regarding this Motion.  Defendants' response to Plaintiff's Motion certifies Defendants have produced all documents relevant to Plaintiff's requests.  The Court must accept Defendants' statements as true unless it is presented with contrary evidence.  At this point Plaintiff has not submitted any evidence sufficient for this Court to question the truth of Defendants' statements.  Nevertheless, the Court finds it necessary to comment on two of Defendants' responses.

First, in response to Request No. 2 of Plaintiff's Second Set of Requests for Production, Defendants asserted various objections, including an objection that Plaintiff sought information which was unreasonably cumulative or duplicative.  (Doc. 32, pp. 4-5).  Nevertheless, Defendant also responded it produced documents responsive to this

request.  Id. at 5.  It is not clear to the Court, however, if Defendants withheld any

documents responsive to this request because they are cumulative or duplicative of

documents already within Plaintiff's possession.  Defendants should be aware that it

has a duty to produce all responsive documents, that are not privileged, relevant to the

claims or defenses of any party, regardless of whether Plaintiff already possesses some

of the documents which fall within Plaintiff's requests.  If Defendants have not been

forthcoming in producing all documents responsive to a request because responding to

Plaintiff's request was unreasonably cumulative or duplicative, or because such

document was obtainable from some other more convenient source, then the proper

procedure is for Defendants to move for a protective order, in which case it will be

Defendants' burden to show the discovery sought is unreasonably cumulative or

duplicative.   Fed. R. Civ. P. 26(b)(2)(C) and 26(c).  Otherwise, it is Defendant's

obligation to produce the relevant documents.

Second, in Request No. 8 of Plaintiff's Second Set of Requests for Production,

Plaintiff requests Defendants produce documents from the beginning of "Kindred's

provision of services up through the date of Defendants responses to these requests. . .

."  (Doc. 32, p. 7).  Defendants responded that no responsive documents exist.  Id.

Defendants explain that although Kindred was formerly known as Vencare Rehab

Services, Inc. which was formerly known as TheraTX, Inc., it was not Kindred who

provided the services at issue in this litigation and thus, there are no responsive

documents to this request.  Id.

The parties' arguments regarding this issue turn on semantics, i.e., although Kindred was not the actual entity that provided the relevant services to Defendants, it was a predecessor of Kindred – TheraTX, Inc. – that provided such services.  (Doc. 31-2, p. 8).  While it is Plaintiff's duty to frame its requests in a coherent and specific manner, it is clear Plaintiff is seeking documents relating to TheraTX's services to Defendants.  Moreover, these documents are relevant to the claims and defenses in this matter.  Defendants could have taken a more reasonable approach in responding to this request.  Specifically, they could have explained the basis for their objection to this request, while still providing the relevant documents relating to Defendants' relationship to TheraTX.  The Court trusts the parties will be able to resolve this conflict once they put forth a good faith effort to communicate over these issues.

Defendants request the Court award them reasonable expenses, including attorneys' fees, pursuant to Fed. R. Civ. P. 37(a)(4)(B), because they argue they fully complied with the requirements set forth in the Federal Rules of Civil Procedure and produced all documents responsive to Plaintiff's requests.  Although the Court agrees with Defendants that this Motion was brought prematurely, the Court declines to require Plaintiff to pay reasonable expenses, including attorney's fees, at this time.  Both parties could and should have been more instrumental in resolving this dispute on their own.  The Court admonishes Plaintiff, however, that in the future it will not hesitate to require it to pay reasonable expenses if it fails to put forth a good faith effort to resolve a dispute before seeking the Court's assistance.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 31) is **DENIED**.


      **DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of

June, 2007.


                                                      _Monte C. Richardson_

                                                MONTE C. RICHARDSON
                                 UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record