UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KINDRED REHAB SERVICES, INC., etc,

    Plaintiff,

vs.                                                        Case No. 3:06-cv-218-J-33MCR

FLORIDA CONVALESCENT CENTERS, INC.,
*et al.*,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Emergency Joint Motion to Quash Subpoenas, or in the Alternative, Joint Motion for Protective Order (Doc. 41) filed July 9, 2007.  Also before this Court is Defendant Florida Convalescent Centers, Inc.'s ("Defendant FCC") Motion for Protective Order (Doc. 43) filed on July 9, 2007.   Plaintiff has not had an opportunity to file a response to either of these motions; however, because of the emergency nature of these motions, an Order from this Court is necessary at this time.

Evidently, Plaintiff issued ten subpoenas to non-party business entities and trustees (the "subpoenaed entities"), requiring that they appear in Tallahassee, Florida for a deposition and document production on Wednesday, July 11, 2007.  (Docs. 41-2, 41-3).  Although the subpoenas are dated July 5, 2007, the subpoenaed entities did not

-1-

receive them until July 6, 2007.[1]  The subpoenaed entities now seek to quash these subpoenas, or alternatively, seek a protective order for reasons including Plaintiff's failure to comply with the Federal Rules of Civil Procedure and Local Rule 3.02 in that Plaintiff failed to provide timely notice to the non-parties and proper notice of the subject matter of the testimony to be taken, and because the subpoenas are overbroad.  (Doc. 41).  Defendant FCC also moves for a Motion for Protective Order seeking an Order: (a) that the scheduled depositions not be had; (b) relieving Defendant FCC of its obligation to attend such depositions; and (c) mandating Plaintiff to limit the number of depositions taken in this action to ten.  (Doc. 43).

The Court finds Plaintiff failed to provide proper notice to both Defendants and the non-party subpoenaed entities.  Federal Rule of Civil Procedure 45 requires reasonable time for compliance with a subpoena, and Local Rule 3.02 requires at least ten days notice before taking the deposition of a party or non-party.  At most, Plaintiff only provided two full business days' notice to both Defendant and the non-parties.  Consequently, the Court finds the subpoenas are due to be quashed.

The Court also notes that Plaintiff's counsel's behavior does not appear to comport with the Middle District of Florida's expectation that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility" and that lawyers who practice in this district "shall reasonably attempt to accommodate the schedules of opposing lawyers, parties, and witnesses in scheduling discovery."  Middle District

---

[1] And in fact, according to Mr. Fuhrmeister, the vice-president and chief financial officer of the subpoenaed entities and Defendant FCC, he did not actually receive the subpoenas until July 9, 2007.  (Doc. 41-4).

Discovery Handbook (2001) at 1.  Having said that, the Court nevertheless understands Plaintiff may have good reason to depose and obtain various documents from these non-parties.  As such, Plaintiff's counsel may file a motion, no later than **Monday, July 16, 2007**, requesting an extension of the discovery deadline for the purpose of reissuing these subpoenas.  If he chooses to file such motion, Plaintiff's counsel should explain Plaintiff's need for the testimony and documents of the non-parties and should respond to the arguments raised by Defendant FCC and the subpoenaed entities in their respective motions for protective order.  Also, Plaintiff's counsel should explain his reasoning for waiting until the eleventh hour to issue such subpoenas before the discovery deadline.  Albeit, the Court strongly suggests that before filing such Motion, Plaintiff's counsel first confer with Defendant FCC in an attempt to work out these issues amongst themselves.  The Court is hopeful the parties can work out a mutually agreeable time and date to depose these non-parties and to obtain any particular documents Plaintiff seeks in lieu of filing an additional motion.

Accordingly, it is hereby

**ORDERED:**

1. The Emergency Joint Motion to Quash Subpoenas, or in the Alternative, Joint Motion for Protective Order (Doc. 41) is **GRANTED in part.**  The subpoenas are hereby quashed.

Discovery Handbook (2001) at 1.  Having said that, the Court nevertheless understands Plaintiff may have good reason to depose and obtain various documents from these non-parties.  As such, Plaintiff's counsel may file a motion, no later than **Monday, July 16, 2007**, requesting an extension of the discovery deadline for the purpose of reissuing these subpoenas.  If he chooses to file such motion, Plaintiff's counsel should explain Plaintiff's need for the testimony and documents of the non-parties and should respond to the arguments raised by Defendant FCC and the subpoenaed entities in their respective motions for protective order.  Also, Plaintiff's counsel should explain his reasoning for waiting until the eleventh hour to issue such subpoenas before the discovery deadline.  Albeit, the Court strongly suggests that before filing such Motion, Plaintiff's counsel first confer with Defendant FCC in an attempt to work out these issues amongst themselves.  The Court is hopeful the parties can work out a mutually agreeable time and date to depose these non-parties and to obtain any particular documents Plaintiff seeks in lieu of filing an additional motion.

Accordingly, it is hereby

**ORDERED:**

1. The Emergency Joint Motion to Quash Subpoenas, or in the Alternative, Joint Motion for Protective Order (Doc. 41) is **GRANTED in part.**  The subpoenas are hereby quashed.

    2.     Defendant Florida Convalescent Centers, Inc.'s Motion for Protective Order (Doc. 43) is **DENIED as moot.**[2]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __10th__ day of July 2007.

                                  *Monte C. Richardson*
                                  MONTE C. RICHARDSON
                         UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[2] Because the Court finds the ten subpoenas issued on July 5, 2007 are due to be quashed, the Court need not separately address Defendant FCC's Motion for Protective Order which seeks similar relief to the subpoenaed entities' Motion to Quash. While the Court notes that Defendant FCC also seeks an Order from this Court limiting Plaintiff's number of depositions in this action to ten, the Court finds this issue is also now moot in light of the quashed subpoenas.